UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER WILLIAM WORDELL,
aka WALTER WILLIAM WARDELL,

                Petitioner,

                                      Case Number: 08-CV-13772

v.                                  Honorable Marianne O. Battani

CAROL HOWES,

                Respondent.

_____/

**OPINION AND ORDER**
**GRANTING RESPONDENT'S MOTION TO DISMISS THEREBY DISMISSING**
**PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

       Petitioner Walter William Wordell, currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondent's "Motion to Dismiss." (Dkt. # 7.) On May 4, 2006, Petitioner pleaded guilty to witness intimidation, in violation of MICH. COMP. LAWS § 750.122(7)(b), in St. Joseph County, Michigan, Circuit Court. On June 16, 2006, Petitioner was sentenced, as a habitual offender, fourth, to six-years-four-months to fifteen-years imprisonment. In his application, Petitioner challenges his guilty plea. Respondent has filed a motion to dismiss Petitioner's petition, contending that Petitioner's claim is unexhausted. The Court agrees. Therefore, for the reasons stated below, the Court will dismiss the petition without prejudice so that Petitioner may return to state court to exhaust his claim.

**I. Background**

Subsequent to Petitioner's plea, Petitioner was appointed two different appellate attorneys, both of whom filed motions to withdraw, citing an inability to locate meritorious claims for appeal.  The trial court denied Petitioner's request to appoint a third attorney.

Then, more than a year after being sentenced, on September 19, 2007, Petitioner filed a *pro se* delayed application for leave to appeal with the Michigan Court of Appeals, which was dismissed for lack of jurisdiction under M.C.R. 7.205(F)(3).  *People v. Wordell*, No. 280683 (Mich.Ct.App. Sept. 28, 2007).  The Michigan Supreme Court affirmed that decision.  *People v. Wordell*, 480 Mich. 1141, 746 N.W.2d 103 (2008) (Kelly, J., "would remand this case to the Court of Appeals to decide whether to grant, deny, or order other relief, in accordance with MCR 7.205(D)(2)").  Petitioner filed a motion for reconsideration which was also denied.  *People v. Wordell*, 481 Mich. 881, 748 N.W.2d 807 (2008) (Kelly, J., would grant).

Petitioner subsequently filed the pending petition for a writ of habeas corpus, challenging his conviction on the following ground:

I.    Ineffective assistance of trial counsel–it was premised upon fraud (illusory plea)–proper investigation would have revealed that it takes 2 or more people to conspire–to solicit.  Petitioner was the only person charged in this case, contrary to the laws of conspiracy.  Official DEA notes suppressed–Brady violation.

## II.  Discussion

A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal-habeas-corpus relief.  *Welch v. Burke*, 49 F.Supp.2d 992, 998 (E.D.Mich. 1999).  Therefore, a prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state-court remedies.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d

155, 160 (6th Cir.1994).  The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at

160.  Exhaustion requires that a petitioner provide the state courts with the opportunity to correct

any constitutional violations by invoking "one full round" of the state's appellate-review

process. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993).  Federal-habeas law provides that

a habeas petitioner is only entitled to relief if he can show that the state-court adjudication of his

claims resulted in a decision that was contrary to, or an unreasonable application of, clearly

established Supreme Court precedent.  *See* 28 U.S.C. § 2254(d).

Therefore, in this case, the state courts must first be given a fair opportunity to rule upon

Petitioner's habeas claims before he can present those claims to this Court.  *Mohn v. Bock*, 208

F.2d 796, 800 (E.D.Mich.  2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

Otherwise, the Court cannot apply the 28 U.S.C. § 2254(d) standard.

The Michigan Court Rules provide a process through which Petitioner may raise his

unexhausted claim.  He can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500

*et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor,

expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's

claim.  Petitioner may appeal the trial court's disposition of his motion for relief from judgment

to the Michigan Court of Appeals and Michigan Supreme Court.

Accordingly, the Court will dismiss the petition without prejudice for failure to exhaust

state-court remedies.  Petitioner may move to reopen this matter upon exhausting his state-court

remedies.  In order not to "'jeopardize the timeliness of a collateral attack,'  *Palmer v. Carlton*,

276 F.3d 777, 781 (6th Cir. 2002) (quoting *Zarvela v. Artuz*, 254 F.3d 374, 380 (2nd Cir. 2001)),

the Court shall dismiss the petition without prejudice and the one-year limitations period shall be

tolled from the date Petitioner filed his petition until Petitioner returns to federal court.  This

tolling of the limitations period is conditioned upon Petitioner pursuing exhaustion of state-court

remedies within sixty (60) days from the date of this order and returning to federal court within

sixty (60) days of exhausting his state-court remedies.

### III.  ORDER

For the foregoing reasons, **IT IS ORDERED** that Respondent's "Motion to Dismiss" is

**GRANTED** [dkt. # 7] and the petition for a writ of habeas corpus is **DISMISSED WITHOUT**

**PREJUDICE** [dkt. # 1].

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C.

§ 2244(d)(1) shall be tolled from the date Petitioner filed the pending petition until the time

Petitioner returns to federal court to pursue habeas relief, provided that Petitioner pursues

exhaustion of state-court remedies within sixty (60) days from the date of this order and seeks

leave to reopen these habeas-corpus proceedings within sixty (60) days of exhausting state-court

remedies.

s/Marianne O. Battani
Marianne O. Battani
United States District Judge

Dated: March 12, 2009

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of Order was served upon all

parties of record.                    s/Bernadette M. Thebolt

Case Manager

-4-